UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DWAYNE T. SPENCER et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARACAL INTERNATIONAL, LLC, <br><br> Defendant. | Case No. 2:21-cv-00005 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Before the Court are Plaintiffs Dwayne T. and Tammy Spencer's motion to serve Defendant Caracal International, LLC, by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3) (Doc. No. 6) and motion to expedite the Court's consideration of that motion (Doc. No. 11). Caracal International, by special appearance, has responded in opposition to the Spencers' motion for leave to serve it by alternative means (Doc. No. 18), and the Spencers have filed a reply (Doc. No. 19). For the reasons that follow, the Spencers' motion for alternative service under Rule 4(f)(3) will be denied without prejudice and their motion to expedite will be found moot.

**I.     Relevant Background**

Caracal International is a firearms manufacturer located in Abu Dhabi, United Arab Emirates (UAE). (Doc. No. 1.) This action arises out of the Spencers' failed efforts to serve Caracal International in another wrongful-death action begun in state court and removed to this Court. (*Id.*); *see also* Third Amended Complaint, *Spencer v. Caracal Int'l, LLC*, No. 2:20-cv-00033 (M.D. Tenn. Sept. 24, 2020) (*Spencer I*), ECF No. 77. In that action, the Court granted Caracal International's motion to dismiss the Spencers' claims against it for insufficient service of process,

finding that the Spencers' attempts to serve employees and agents of Caracal International's subsidiary—Caracal USA, LLC—were insufficient to serve Caracal International under Federal Rule of Civil Procedure 4. *See* Memorandum Opinion, *Spencer I*, ECF No. 138. The Spencers filed this action against Caracal International fifteen days later (Doc. No. 1), then filed a motion for leave to serve Caracal International by alternative means under Rule 4(f)(3) in this action (Doc. No. 6) and a motion to consolidate the cases in *Spencer I*, Plaintiffs' Motion to Consolidate Actions, *Spencer I* (M.D. Tenn. Feb. 25, 2021), ECF No. 148.

The Spencers' motion to serve Caracal International under Rule 4(f)(3) requests authorization to serve Caracal International by email, ordinary mail, international FedEx, or through the United-States-based attorneys who represented Caracal International in *Spencer I*. (Doc. No. 7.) Caracal International opposes the Spencers' motion, arguing that alternative service under Rule 4(f)(2) is not justified here because the Spencers have not made reasonable efforts to serve it in compliance with Rule 4, UAE civil procedure law, or the Tennessee Rules of Civil Procedure, and their proposed methods of alternative service are improper. (Doc. No. 18.) The Spencers reply that alternative service is appropriate because Caracal International's United States attorneys have refused to accept service on its behalf and the Spencers' attempts to serve Caracal International in *Spencer I*, including by mail through the Tennessee Secretary of State, were unsuccessful. (Doc. No. 19.)

The Spencers' motion to expedite (Doc. No. 11) asks the Court to expedite disposition of their motion for alternative service under Rule 4(f)(3) because the time for serving the summons on Caracal International in this action under Rule 4(m) will expire on May 13, 2021 (Doc. No. 12). Caracal International has not responded to the Spencers' motion to expedite.

## II. Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(h) governs service of process on foreign corporations like Caracal International and provides as follows:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
>
> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

> **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h)(1)–(2).

Rule 4(f) authorizes the following methods of service in a foreign country:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > **(C)** unless prohibited by the foreign country's law, by:
> > >
> > > > **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > **(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)–(3).

Rule 4(m) provides that, ordinarily, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) "does not apply to service in a foreign country under

Rule 4(f), 4(h)(2), or 4(j)(1)[.]"[1] *Id.* However, courts have held that, "[b]ecause district courts need to be able to control their dockets, . . . the amount of time allowed for foreign service is not unlimited." *Nylok Corp. v. Fastener World, Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). "If, for example, a plaintiff made no attempt to begin the process of foreign service within [90] days, it might be proper for a court to dismiss the claim." *Id.*; *see also USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005) ("Although Rule 4(m) creates an exception for 'service in a foreign country pursuant to subdivision (f),' . . . this exception does not apply if . . . the plaintiff did not attempt to serve the defendant in the foreign country.").

**III.     Analysis**

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) (quoting *Madu, Edozie & Madu, P.C. v. Socket Works Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)). Rule 4(f)(3) expressly provides that alternative service methods must not be prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). Proposed methods of service under Rule 4(f)(3) must also comport with constitutional notions of due process, which require notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Popular Enters., LLC v. Webcom Media Grp.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Further, the advisory committee notes to Rule 4(f)(3) emphasize that "an earnest effort should be made to

---

[1]     Rule 4(j)(1) governs serving "[a] foreign state or its political subdivision, agency, or instrumentality" and is not applicable here. Fed. R. Civ. P. 4(j)(1).

devise a method of communication that . . . minimizes offense to foreign law." Fed. R. Civ. P. 4(f)(3) advisory committee's note to 1993 amendment.

The Sixth Circuit has not addressed whether plaintiffs are required to pursue service under Rule 4(f)(1) or (2) before seeking alternative service under Rule 4(f)(3), and district courts in the circuit are split. *Compare Lexmark Int'l, Inc.*, 295 F.R.D. at 260 ("[A] plaintiff is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3)."), *with C & F. Sys., LLC v. Limpimax, S.A.*, No. 1:09-cv-858, 2010 WL 65200, at *2 (W.D. Mich. Jan. 6, 2010) ("[T]he better view is that Rule 4(f)(3) should be viewed as a 'final effort to make service when other means have failed.'" (quoting *Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 58 (D. Mass. 2002))). There is consensus, however, that a court considering a motion under Rule 4(f)(3) "must determine whether the facts and circumstances of the case warrant the exercise of its discretion to order alternative service." *Lexmark Int'l, Inc.*, 295 F.R.D. at 261; *see also C & F Sys., LLC*, 2010 WL 65200, at *2 ("[A] district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show . . . 'that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" (alteration in original) (quoting *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005))).

The parties agree that the UAE is not a signatory to the Hague Convention or any other international agreement with the United States regarding service of process, and the Court finds that the Spencers' proposed methods of alternative service comport with constitutional notions of due process under the circumstances presented here. However, the Court also finds that the Spencers have not provided any argument or legal authority demonstrating that their proposed

methods of alternative service comply with or minimize offense to UAE law. *See Butterfield v. Abou-Shaaban*, No. CV 05-639, 2005 WL 8176859, at *2 (D. Or. Sept. 8, 2005) (denying Rule 4(f)(3) motion where "Plaintiff did not provide the Court with any information regarding (1) the manner of service prescribed by the laws of the UAE, (2) direction by the UAE in response to a letter rogatory or letter of request as to how to serve its residents, and (3) whether the manner of proposed service is prohibited by the law of the UAE"). Caracal International has pointed to expert evidence it introduced in *Spencer I* asserting that, under UAE civil procedure law, foreign judicial documents may only be served through diplomatic channels or through the Ministry of Justice.[2] (Doc. No. 18.) The Spencers have not responded to this argument. They state only that, while *Spencer I* was still pending in state court, they inquired with a private process server about serving Caracal International and were told that "[p]ersonal service in the U.A.E. is highly unlikely due to high security[.]" (Doc. No. 19, PageID# 130.)

Further, the Court finds that the Spencers have not attempted *any* method of service on Caracal International in *this* action, much less shown earnest efforts to comply with or at least minimize offense to UAE law. *See* Fed. R. Civ. P. 4(f)(3) advisory committee's note to 1993 amendment. The Spencers therefore have not shown that the facts and circumstances in this case

---

[2] Specifically, Caracal International's expert opined

> that the procedure for service through diplomatic channels involves the issuing Court in the foreign state dispatching the documents, along with a certified Arabic translation of the documents for service to the UAE Ministry of Justice. The Ministry of Justice then dispatches the documents for service to the appropriate Court in the UAE, which in turn appoints the Court bailiff, the summoner or private company to effect service on the defendant in accordance with local UAE procedural requirements.

Declaration of Ali Al Hashimi in Support of Defendant Caracal International LLC's Motion to Dismiss for Insufficient Service of Process at PageID# 405 ¶ 15, *Spencer v. Caracal Int'l, LLC*, No. 2:20-cv-00033 (M.D. Tenn. June 22, 2020), ECF No. 1-20.

warrant the Court's intervention to authorize alternative service under Rule 4(f)(3). *See, e.g.*, *Orsi v. Falah*, Civ. Action No. 11-10451, 2012 WL 4469120, at *3 (D. Mass. Sept. 25, 2012) (denying Rule 4(f)(3) motion where plaintiff "ha[d] not even attempted to effectuate service in ways that would do less violence to UAE law" and "ha[d] not demonstrated any serious effort to use accepted methods of service in the UAE"). The Spencers' motion for alternative service under Rule 4(f)(3) will therefore be denied without prejudice.

**IV.     Conclusion**

For these reasons, the Spencers' motion to serve Caracal International pursuant to Rule 4(f)(3) (Doc. No. 6) is DENIED WITHOUT PREJUDICE. Their motion to expedite (Doc. No. 11) is FOUND MOOT.

Because the Spencers filed this action on February 12, 2021, the 90-day period under Rule 4(m) expires on May 13, 2021. The Spencers are therefore ORDERED to file a notice by May 14, 2021, informing the Court of the status of their efforts to effect service on Caracal International in the UAE. The Spencers are warned that failure to begin the service process by May 13, 2021, and failure to comply with this Order, may result in a recommendation that this action be dismissed. *See Nylok Corp.*, 396 F.3d at 807; *USHA (India), Ltd.*, 421 F.3d at 133–34.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge