UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DWAYNE T. SPENCER et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARACAL INTERNATIONAL, LLC, <br><br> Defendant. | Case No. 2:21-cv-00005 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On April 9, 2021, the Court denied Plaintiffs Dwayne T. Spencer and Tammy Spencer's motion to serve Defendant Caracal International, LLC—a corporation located in Abu Dhabi, United Arab Emirates (UAE)—by alternative means under Federal Rule of Civil Procedure 4(f)(3). (Doc. No. 22.) The Court found, among other things, "that the Spencers ha[d] not attempted *any* method of service on Caracal International in *this* action, much less shown earnest efforts to comply with or at least minimize offense to UAE law." (*Id.* at PageID# 163.)

The Spencers have now filed a motion for leave to effect service under Rule 4(f)(2)(C)(ii) (Doc. No. 23), a motion to expedite disposition of that motion (Doc. No. 25), a motion to withdraw that motion (Doc. No. 27), a motion to effect service in accordance with a declaration filed in a related action by Caracal International's UAE law expert, Ali Al Hashimi (Doc. No. 28), and a second motion to expedite (Doc. No. 32). The Spencers request that the Court send a copy of the summons and complaint in this action to the UAE Ministry of Justice, in accordance with the procedures described in Al Hashimi's declaration. (Doc. No. 30.) The Spencers have also provided a certified Arabic translation of the complaint (Doc. No. 37-2), a transmittal letter from the Court to the UAE Ministry of Justice with a certified Arabic translation (Doc. No. 37-3), and prepaid

FedEx mailing labels addressed to two separate addresses for the UAE Ministry of Justice (Doc. No. 37-4). Caracal International has not responded in opposition to any of these motions or filings.

Rule 4(h)(2) provides that a corporation "not within any judicial district of the United States" may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(2) provides that, "if there is no internationally agreed means" and "unless prohibited by the foreign country's law," an individual in a foreign country may be served "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.]" Fed. R. Civ. P. 4(f)(2)(C)(ii).

The Court CONSTRUES the Spencers' motion to effect service of process on Caracal International using the procedures described in Al Hashimi's declaration (Doc. No. 28) as a request to serve Caracal International by mail, care of the UAE Ministry of Justice, under Rule 4(f)(2)(C)(ii). So construed, the motion (Doc. No. 28) is GRANTED as unopposed. Because the Spencers have filed two sets of FedEx Labels with two different mailing addresses for the UAE Ministry of Justice (Doc. No. 37-4), the Court will prepare and send two sets of documents, including the summons, complaint, and accompanying Arabic translation (Doc. No. 37-2) and the transmittal letter and Arabic translation (Doc. No. 37-3), using the FedEx labels provided by the Spencers. The Court charges an $11.00 per document fee to certify documents in the Court's record for transmittal and a copying fee of $0.50 per page. The fee for certifying four documents and copying a total of 142 pages is therefore $115.00. The Spencers shall pay this fee to the Clerk of Court via certified check, money order, attorney check, or cash.[1]

---

[1] Cash is only accepted at the Clerk's Office intake window during operating hours, which are currently 10:00 a.m. to 2:00 p.m. Monday through Friday excluding holidays.

Once the Spencers pay the certification and copying fee, the Clerk of Court is DIRECTED to mail the documents described above (Doc. Nos. 37-2, 37-3) to the UAE Ministry of Justice using the FedEx labels provided (Doc. No. 37-4).

The Spencers' motion to withdraw docket entry 23 (Doc. No. 27) is GRANTED. The Spencers' motions to expedite (Doc. Nos. 25, 32) are DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

3
Case 2:21-cv-00005   Document 42   Filed 05/24/21   Page 3 of 3 PageID #: 364