UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DWAYNE T. SPENCER et al., | |
| Plaintiffs, | Case No. 2:21-cv-00005 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| CARACAL INTERNATIONAL, LLC, | Magistrate Judge Alistair E. Newbern |
| Defendant. | |

### MEMORANDUM ORDER

Before the Court are Plaintiffs Dwayne T. Spencer and Tammy Spencer's motion under Federal Rule of Civil Procedure 4(f)(3) for leave to serve Defendant Caracal International, LLC, via email (Doc. No. 47); motion to expedite determination of that motion (Doc. No. 49); alternative motion under Rule 4(f)(3) to serve Caracal International via its attorneys in the United States or by regular first-class mail if the Court denies the Spencers' motion for leave to serve Caracal International via email (Doc. No. 69); and motion to ascertain the status of both Rule 4(f)(3) motions (Doc. No. 71). Caracal International has responded in opposition to the Spencers' motion for leave to serve it via email (Doc. No. 65), and the Spencers have filed a reply (Doc. No. 66). The time period for Caracal International to respond in opposition to the Spencers' alternative motion to serve it through its attorneys or by first-class mail has not yet passed. *See* M.D. Tenn. R. 7.01(a)(3) (response) (providing that "any party opposing a motion must serve and file a memorandum of law in response . . . not later than fourteen (14) days after service of the motion").

For the reasons that follow, the Spencers' motion for leave to serve Caracal International via email will be granted, their motion to expedite will be denied, and their motion to serve Caracal

International through its attorneys or by first-class mail and motion to ascertain status will be found moot.

**I.      Relevant Background**

Caracal International is a firearms manufacturer located in Abu Dhabi, United Arab Emirates (UAE). (Doc. No. 1.) This action arises out of the Spencers' failed efforts to serve Caracal International in another wrongful-death action begun in state court and removed to this Court. (*Id.*); *see also* Third Amended Complaint, *Spencer v. Caracal Int'l, LLC*, No. 2:20-cv-00033 (M.D. Tenn. Sept. 24, 2020) (*Spencer I*), ECF No. 77. In that action, the Court granted Caracal International's motion to dismiss the Spencers' claims against it for insufficient service of process, finding that the Spencers' attempts to serve employees and agents of Caracal International's subsidiary—Caracal USA, LLC—were insufficient to serve Caracal International under Federal Rule of Civil Procedure 4. *See* Memorandum Opinion, *Spencer I*, (M.D. Tenn. Jan. 28, 2021), ECF No. 138. The Spencers filed this action against Caracal International fifteen days later (Doc. No. 1), then filed a motion for leave to serve Caracal International by alternative means under Rule 4(f)(3) in this action (Doc. No. 6) and a motion to consolidate the cases in *Spencer I*, Plaintiffs' Motion to Consolidate Actions, *Spencer I* (M.D. Tenn. Feb. 25, 2021), ECF No. 148.

The Spencers' Rule 4(f)(3) motion requested authorization to serve Caracal International by email, ordinary mail, international FedEx, or through the United-States-based attorneys who represented Caracal International in *Spencer I*. (Doc. No. 7.) On April 9, 2021, the Court denied the Spencers' motion without prejudice. (Doc. No. 22.) The Court found that "the UAE is not a signatory to the Hague Convention or any other international agreement with the United States regarding service of process, and . . . that the Spencers' proposed methods of alternative service comport with constitutional notions of due process under the circumstances presented here." (*Id.* at PageID# 162.) However, the Court further found that the Spencers had not shown that the facts

and circumstances in this case warrant the Court's intervention to authorize alternative service under Rule 4(f)(3) because "the Spencers ha[d] not attempted *any* method of service on Caracal International in *this* action, much less shown earnest efforts to comply with or at least minimize offense to UAE law" as required by Rule 4(f)(3). (*Id.* at PageID# 163.)

On April 15, 2021, the Spencers filed a motion for leave to effect service of process on Caracal International in accordance with a declaration by Caracal International's UAE law expert, Ali Al Hashimi, that Caracal International filed in *Spencer I*. (Doc. No. 28.) Specifically, the Spencers requested that the Court send a copy of the summons and complaint in this action to the UAE Ministry of Justice in accordance with the procedures for service through diplomatic channels described in Al Hashimi's declaration.[1] (Doc. No. 30.) The Spencers provided a certified Arabic translation of their complaint (Doc. No. 37-2), a transmittal letter from the Court to the UAE Ministry of Justice with a certified Arabic translation (Doc. No. 37-3), and prepaid FedEx mailing labels addressed to two separate addresses for the UAE Ministry of Justice (Doc. No. 37-4). Caracal International did not oppose the Spencers' motion or filings.

The Court construed the Spencers' motion as a request to serve Caracal International by mail, care of the UAE Ministry of Justice, under Rule 4(f)(2)(C)(ii) and granted the motion as

---

[1] Al Hashimi's declaration stated

> that the procedure for service through diplomatic channels involves the issuing Court in the foreign state dispatching the documents, along with a certified Arabic translation of the documents for service to the UAE Ministry of Justice. The Ministry of Justice then dispatches the documents for service to the appropriate Court in the UAE, which in turn appoints the Court bailiff, the summoner or private company to effect service on the defendant in accordance with local UAE procedural requirements.

Declaration of Ali Al Hashimi in Support of Defendant Caracal International LLC's Motion to Dismiss for Insufficient Service of Process at PageID# 405 ¶ 15, *Spencer I*, ECF No. 1-20.

unopposed. (Doc. No. 42.) On June 2, 2021, after the Spencers paid the Court's copying and certification fees, the Court mailed two sets of the summons, complaint, certified Arabic translation of the complaint, and transmittal letter using the FedEx labels the Spencers provided. (Doc. Nos. 44, 45.) On June 10, 2021, the Spencers filed a notice informing the Court that the UAE Ministry of Justice refused to accept delivery of the FedEx packages. (Doc. No. 46.) FedEx stated that the reason for the refusal was "the lack of a consignee name and mobile number." (Doc. No. 63-1.)

On June 15, 2021, the Spencers filed a Rule 4(f)(3) motion requesting leave to serve Caracal International via two publicly available email addresses (Doc. No. 47) along with a supporting memorandum of law (Doc. No. 48) and a motion to expedite determination of the Rule 4(f)(3) motion (Doc. No. 49). The Spencers later filed an unopposed motion for leave to amend their supporting memorandum of law (Doc. No. 56), which the Court granted (Doc. No. 60). The Spencers argue that service via email under Rule 4(f)(3) is appropriate because the UAE Ministry of Justice refused to accept the service documents sent by this Court via FedEx; Caracal International is a wholly-owned subsidiary of the Abu Dhabi government; Caracal International refused to waive service of process or voluntarily accept service through its attorneys; there is no international agreement between the United States and the UAE regarding service of process; and other courts have authorized service via email under Rule 4(f)(3). (Doc. No. 61.) The Spencers also state that one of the email addresses they propose serving "is made available to the public for communicating with Caracal International, LLC about [the] recall of the Caracal Model F pistol[,]" which is the pistol at issue in this wrongful-death action. (*Id.* at PageID# 465 n.3.)

Caracal International, appearing specially, opposes the Spencers' Rule 4(f)(3) motion for service via email, arguing that the Spencers have not shown that the facts and circumstances of

this case warrant Court intervention to allow alternative service. (Doc. No. 65.) Specifically, Caracal International argues that the Spencers "have only attempted to serve [it] one time in this lawsuit" and "should be required to do leg work themselves on how to serve the entity that they chose to fila a lawsuit against." (*Id.* at PageID# 501, 502.) Caracal International further argues that "[t]here is no evidence that [the Spencers] have ever attempted to discover a consignee name and mobile number to satisfy the issues addressed by FedEx[,]" which Caracal International suggests the Spencers could have done by "call[ing] the UAE Embassy in the United States, UAE Ministry of Foreign Affairs, or the UAE Ministry of Justice . . . ." (*Id.* at PageID# 502, 503.)

The Spencers reply that alternative service is appropriate and that "it is reasonable to conclude that future attempts to serve Caracal International through the UAE Ministry of Justice will be futile" because "Caracal International['s] local counsel ha[s] appeared multiple times in this action to oppose service of process"; the Abu Dhabi government owns Caracal International; and Caracal International has refused to waive or voluntarily accept service of process. (Doc. No. 66, PageID# 506.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(h) governs service of process on foreign corporations like Caracal International and provides as follows:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
>
> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one

authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

**(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h)(1)–(2).

Rule 4(f) authorizes the following methods of service in a foreign country:

**(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

**(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

**(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

**(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

**(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or

**(C)** unless prohibited by the foreign country's law, by:

**(i)** delivering a copy of the summons and of the complaint to the individual personally; or

**(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

**(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)–(3).

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) (quoting *Madu, Edozie & Madu, P.C. v.*

6

*Socket Works Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)). Proposed methods of service under Rule 4(f)(3) "must also comport with constitutional notions of due process[,]" which require notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Popular Enters., LLC v. Webcom Media Grp.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Further, the advisory committee notes to Rule 4(f)(3) emphasize that "an earnest effort should be made to devise a method of communication that . . . minimizes offense to foreign law." Fed. R. Civ. P. 4(f)(3) advisory committee's note to 1993 amendment.

The Sixth Circuit has not addressed whether plaintiffs are required to pursue service under Rule 4(f)(1) or (2) before seeking alternative service under Rule 4(f)(3), and district courts in the circuit are split. *Compare Lexmark Int'l, Inc.*, 295 F.R.D. at 260 ("[A] plaintiff is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3)."), *with C & F. Sys., LLC v. Limpimax, S.A.*, No. 1:09-cv-858, 2010 WL 65200, at *2 (W.D. Mich. Jan. 6, 2010) ("[T]he better view is that Rule 4(f)(3) should be viewed as a 'final effort to make service when other means have failed.'" (quoting *Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 58 (D. Mass. 2002))). There is consensus, however, that a court considering a motion under Rule 4(f)(3) "must determine whether the facts and circumstances of the case warrant the exercise of its discretion to order alternative service." *Lexmark Int'l, Inc.*, 295 F.R.D. at 261; *see also C & F Sys., LLC*, c, at *2 ("[A] district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need

to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" (alteration in original) (quoting *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005))).

**III.     Analysis**

The parties agree, and this Court previously found, "that the UAE is not a signatory to the Hague Convention or any other international agreement with the United States regarding service of process[.]" (Doc. No. 22, PageID# 162.) There is therefore no international agreement prohibiting effecting service of process on Caracal International via email in this action. The Court also previously found that service via email "comport[s] with constitutional notions of due process under the circumstances presented here." (*Id.*) Caracal International is well aware of this action, as evidenced by its attorneys' repeated special appearances. (Doc. Nos. 13, 14, 18, 20, 21, 64, 65.) Service via email at the email addresses identified by the Spencers is therefore "reasonably calculated . . . to apprise [Caracal International] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Popular Enters., LLC*, 225 F.R.D. at 561.

The Spencers have now made an earnest effort to serve Caracal International in compliance with UAE law by following the procedures for service through diplomatic channels that Caracal International's own expert described. (Doc. Nos. 42, 45.) While that effort was unsuccessful, the Court finds that the totality of facts and circumstances in this case warrant exercise of the Court's discretion to allow alternative service under Rule 4(f)(3).

**IV.     Conclusion**

For these reasons, the Spencers' Rule 4(f)(3) motion to serve Caracal International via email (Doc. No. 47) is GRANTED. The Spencers' motion to expedite determination of that motion (Doc. No. 49) is DENIED. The Spencers' alternative Rule 4(f)(3) motion to serve Caracal

International through its attorneys or by first-class mail (Doc. No. 69) and motion to ascertain status (Doc. No. 71) are FOUND MOOT.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge